## GANTZ et al. v. MATTHEWS.

No. 33729. May 31, 1950.

Rehearing Denied June 20, 1950.

*219 P. 2d 631.*

Fred L. Patrick and Clyde T. Patrick, both of Sapulpa, for plaintiffs in error.

E. C. Hopper, of Eufaula, for defendant in error.

ARNOLD, V.C.J. This litigation is a sequel to the case of Matthews v. Matthews, 198 Okla. 320, 178 P. 2d 95. Madeline Mills Matthews filed her petition in the district court of Creek county March 21, 1947, wherein she sought actual and exemplary damages from the defendants, Logan Matthews, former husband, Gussie Matthews, present wife of Logan, K. C. Gantz and Mrs. K. C. Gantz, for the wrongful detention of, use and damage to certain described personal property. By her amended petition she separately stated her causes of action in response to an order of the trial court, the first cause of action being for the sum of $1,917 actual damage, the second cause of action for $1,580 special damages, and the third cause of action being for $2,500 exemplary damages.

Separate demurrers by each of the defendants to the amended petition were overruled and exceptions reserved.

Upon trial to a jury and at the conclusion of plaintiff's evidence in chief, separate demurrers were interposed to plaintiff's evidence all of which were overruled with exceptions except the demurrer of Gussie Matthews which was sustained by the court. Thereafter, at the conclusion of all of the evidence, the remaining defendants filed separate motions for a directed verdict which motions were overruled and exceptions reserved. The jury returned a verdict in favor of the plaintiff for the sum of $100 actual damages and $825 exemplary damages. This appeal is from the judgment entered upon that verdict after the overruling of the motion for new trial.

Prior to the 21st day of December, 1941, plaintiff Madeline Mills Matthews and the defendant Logan Matthews were living together in the city of Sapulpa as husband and wife, having been married in 1926. On or about the 21st day of December, 1941, Madeline Mills Matthews took the minor son of the marriage and left the home theretofore occupied by herself and husband and returned to the home of her parents at Eufaula. It appears from the testimony that during their married life together this plaintiff continued to work and contribute her earnings or a part thereof toward the aid and assistance of her husband in his business and in paying for certain furniture and household goods on the installment plan, same being the personal property involved in the instant action. The husband filed suit for divorce in the superior court at Bristow and upon a trial thereof the plaintiff herein was granted a divorce upon her cross-petition and was awarded the property involved in the present action as her separate property.

On November 15, 1942, Logan Matthews rented the home in which he and his wife had resided prior to the separation to the defendants herein, K. C. Gantz and Mrs. K. C. Gantz, with the privilege to them of using the furniture, household goods and equipment theretofore used by him and the plaintiff, and this personal property continued in the possession and under the control and use of the Gantzes from that time until the 5th day of April, 1947. The divorce decree which awarded this personal property to the plaintiff was entered on the 9th day of October, 1944, but prior to that time plaintiff had made numerous requests for and efforts to obtain possession of the personal property which she had purchased individually during her marriage, none of which requests were acceded to nor her efforts rewarded. On the trial of the case the trial court excluded all evidence with reference to demands made for or efforts to obtain her personal property by plaintiff prior to the 9th day of October, 1944, the date of the divorce decree, and withdrew from the consideration of the jury the first cause of action alleged in plaintiff's amended petition which was based largely upon the alleged loss and destruction of certain portions of the personal property in possession of the Gantzes and used by them prior to the date of the divorce decree.

Logan Matthews has not appealed and the judgment herein has become final as to him. K. C. Gantz and Mrs. K. C. Gantz have perfected their appeal and for reversal of the judgment make six assignments of error which are presented as propositions in their brief as follows:

"(1) Said court erred in overruling the motion of plaintiffs in error for new trial.

"(2) Said court erred in not rendering judgment for the plaintiff in error on the special findings, to wit:

"That plaintiffs in error had no business transactions or dealings with defendant in error at any time and further that plaintiffs in error knew nothing about the ownership of the furniture in the lawsuit until after the final decision of the Supreme Court was rendered in the case of Matthews v. Matthews in an action for divorce.

"(3) The court erred in overruling these defendants' demurrer to plaintiff's evidence.

"(4) The said court erred in refusing and ruling out competent and legal evidence on the part of plaintiff's in error.

"(5) The said court erred in admitting evidence on the part of the defendant in error.

"(6) Said court erred in rendering judgment for defendant in error."

It is obvious that the correctness of the first assignment of error is dependent upon a determination that one or more of the other five assignments show prejudicial error.

Certainly there is no merit in the second assignment of error for the reason that this was a law action tried to a jury in which the only duty resting upon the court was to correctly state the applicable law to the jury so that it could be properly guided in resolving conflicts in the testimony and applying those rules of law to the facts which it found. It was beyond the power of the court to make special findings of fact because the duty of determining what the facts were upon conflicting evidence rested solely upon the jury. It would have been prejudicial and reversible error for the trial court to have done as suggested in this second assignment of error.

The third assignment of error raises practically the same question. Upon demurrer to plaintiff's evidence the testimony favorable to the plaintiff, and all reasonable inferences to be drawn therefrom, to the exclusion of evidence favorable to the demurrant, is the only evidence which may be considered by the court in passing upon the demurrer. This eliminates all conflicts in the evidence and under the record here

presented the trial court was correct in overruling the demurrer.

Assignment No. 4 relates to the action of the trial court in excluding the proffered evidence of K. C. Gantz as to whether or not he found moths in the upholstered furniture. Plaintiff left her home and this furniture before Christmas of 1941 and the Gantzes did not take possession of the property and this furniture until November of 1942. During the intervening time it is shown that no one occupied the premises except Logan Matthews. There was no tender of proof that the furniture and upholstery was infected with moths at the time plaintiff separated from her husband and went to Eufaula. There was no prejudicial error in excluding this proffered testimony.

Assignment No. 5 alleges error in the action of the trial court in admitting the testimony of the plaintiff to the effect that when she got her washing machine from Mrs. Gantz, it was out of repair and she spent $30 having it repaired. The fact that she got the machine prior to the 9th day of October, 1944, did not render her testimony incompetent or inadmissible as to damage done to the machine and the cost of its repair. This damage to the washing machine was alleged as one of the elements of damage in her amended petition and this testimony was pertinent to that allegation.

The last assignment of error complains of the action of the court in entering judgment upon the verdict of the jury. In its instructions to the jury the court, in paragraph 3 thereof, used this language:

"In this connection, you are further instructed that if you should find and believe from the evidence that the plaintiff made no demand upon the defendants for the possession of said property during the period of time between the 9th day of October, 1944, and the date of the filing of this lawsuit, which was on the 21st day of March, 1947, then the defendants would not be guilty of the wrongful detention of said property, and your verdict should be in favor of the defendants."

With this instruction of the court together with others to guide them, the jurors determined that plaintiff had sustained the allegations of her petition by a preponderance of the evidence. We think that instruction No. 3 quoted above was more favorable to the plaintiffs in error than they were entitled to and that the verdict in favor of plaintiff for $100 actual damage and $825 exemplary damages was not contrary to but is amply sustained by the evidence. It therefore became the duty of the trial court to enter judgment thereon.

This case is one peculiarly dependent upon the facts and a careful examination of the entire record discloses that there is evidence reasonably tending to support the verdict. This being true there can be no merit in the first assignment of error which complains of the action of the trial court in refusing to grant the defendants a new trial.

Judgment affirmed.

Defendant in error Madeline Mills Matthews has made request that upon affirmance of the judgment she be granted a judgment against the surety on the supersedeas bond. It is accordingly ordered, adjudged and decreed by this court that the plaintiff, Madeline Mills Matthews, do have and recover of and from Enos Rush, surety on the supersedeas bond of defendants K. C. Gantz and Mrs. K. C. Gantz, the sum of $925 and costs as provided in the bond.